# United States Court of Appeals for the D.C. Circuit

_____

JAMES FARMER, et al.
*Plaintiffs-Appellants,*

*v.*

ENVIRONMENTAL PROTECTION AGENCY, et al.
*Defendants-Appellees*

NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES
*Intervenor below*

_____

Appeal from the United States District Court for the District of Columbia
No. 24-cv-01654-DLF (Hon. Dabney L. Friedrich)

---

## PLAINTIFF-APPELLANTS' OPPOSITION TO MAY 19, 2026 MOTION FOR LEAVE TO FILE AMICUS BRIEF

Plaintiff-Appellants James Farmer, Robin Alessi, Tony and Karen Coleman,

Patsy Schultz, Johnson County (TX), the Maine Organic Farmers and Gardeners'

Association, and the Potomac Riverkeeper Network[1] object to the request filed by

the Coalition of Recyclers of Residual Organics by Practitioners of Sustainability

---

[1] Requestors describe Public Employees for Environmental Responsibility (PEER) as "Plaintiff-Appellant," [Doc. #2174180 at 2] and refer to "amicus briefs filed in support of PEER in this case." [*Id*. at 3]. To be clear, PEER is *not* an appellant; our attorneys represent the eight appellants in this case.

(CRROPS); Dr. Sally Brown; California Association of Sanitation Agencies; Mid-Atlantic Biosolids Association; Midwest Biosolids Association; North East Biosolids & Residuals Association; Northwest Biosolids Association; Virginia Biosolids Council; and Water Environment Association of Texas (collectively, "Requestors").

## I. The request ignores D.C. Circuit rules requiring amici on the same side to join in a single brief with page limitations.

Non-government amici on the same side must join in a single brief, limited to 6,500 words. *See* D.C. Cir. Rule 29(d) (requiring combined brief for non-government amici) and FRAP 29(a)(5) (limiting amicus briefs to half the maximum length principal briefs); FRAP 32(a)(7)(B)(i) (limiting principal briefs to 13,000 words); and D.C. Cir. Rule 32(e)(3) (requiring non-Court appointed amici to comply with page limits of FRAP 29(a)(5)). These rules promote efficiency for the parties and for the Court and its staff.

In March, a group of non-government entities[2] duly followed these rules when they filed a unified amicus brief in support of Plaintiff-Appellants' arguments. As detailed in their brief and accompanying declarations, they are

---

[2] These are: Robert Bierschenk, James Buckle, Egide Dostie II, Jason Grostic, Allison Jumper, Robert O'Neal, and eight organizations: Truckers Movement for Justice, the Organic Trade Association, the Center for Food Safety, the Delaware Riverkeeper Network, the Kentucky Resources Council, the Kentucky Waterways Alliance, Save Plainfield Township, and the Sierra Club.

individuals and nonprofit groups with *exceedingly* diverse interests and backgrounds: truckers who haul and handle biosolids, farmers directly harmed by PFAS in biosolids, an organic industry trade association, and six environmental and food safety nonprofit organizations. Compliance undoubtedly required substantial work and coordination to ensure the Court received a single document that concisely expressed these diverse perspectives within amicus brief page limits. Their efforts ensured, as the rules envision, that opposing parties need not respond to multiple separate briefs or wade through duplicative arguments.

Requestors fail to articulate any valid reason to justify their failure to join the amicus brief that the United States Chamber of Commerce, with Plaintiff-Appellants' consent, timely filed in support of the legal arguments of Appellees Environmental Protection Agency and its Administrator (collectively, "EPA") and Intervenor National Association of Clean Water Agencies (NACWA). The Chamber's brief contains 3,986 words [Doc #2173018 at 28], while the separate brief of Requestors contains 6,385 [Doc #2174180 at 55]. Had they combined into a single brief, as required, their limit would have been 6,500 words, whereas separately they total 10,371.

Requestors baldly claim that a separate brief is necessary to present their "distinct viewpoints and interests." But a unified brief could have presented both the Chamber's and Requestors' concerns, just as the unified brief of the farmers

and nonprofit groups did. Furthermore, portions of Requestors' brief focus on issues that go to the merits or to remedy (matters for the District Court on remand) rather than to practical impacts on Requestors or the narrow issue before this Court of statutory interpretation to determine the lower court's jurisdiction. Compliance with the Court's rule on combined briefs would have helped Requestors narrow their focus, conserving the resources of the parties and promoting judicial economy.

Plaintiff-Appellants would not have objected to a unified brief in compliance with the page and content limitations of this Circuit. Accepting requestors' non-compliant separate brief would violate the Court's own rules to the detriment of Plainiff-Appellants, and to the disadvantage of the amici who surely could have expanded upon their arguments had they, too, been able to file separate briefs.

## II.     The request is untimely.

The Federal Rules of Appellate Procedure provide that an amicus "must file its brief . . . no later than 7 days after the principal brief of the party being supported is filed." FRAP 29(a)(6). The language is, as a sister Court recently observed in rejecting an amicus brief filed sixteen days late, "unambiguous and mandatory." *Kinsale Ins. Co. v. Pride of St. Lucie Lodge 1189, Inc.*, 135 F.4th 961, 976 (11th Cir. 2025). *See also* D.C. Cir. Rule 29(d) (requiring compliance with the time limits of FRAP 29(a)(6) unless different scheduling order deadlines apply).

Here, Requestors take the same legal positions as EPA, thus any amicus brief was due by May 12, (i.e., seven days after EPA's May 5 principal brief). Amicus Chamber of Commerce managed to comply with this straightforward rule, filing its amicus brief on May 12. Requestors attempt to evade this requirement by stating that the brief supports *Intervenor NACWA*, but NACWA's legal positions do not differ from those of EPA. This Court may permit an untimely filing only "[f]or good cause," FRAP 26(b). Requestors have not shown good cause, such as new information that arose after the original filing deadline. To the contrary, Requestors' use of semantics to circumvent the rule should weigh against the allowance of an untimely filing in this instance.

## Conclusion

For the reasons above, this Court should deny Requestors' motion.

Respectfully submitted this 21st day of May, 2026,

> */s/ Laura Dumais*
> Laura Dumais, DC Bar No. 1024007
> Public Employees for Environmental Responsibility
> 962 Wayne Ave., Suite 610
> Silver Spring, MD 20910
> (202) 792-1277 / ldumais@peer.org
>
> *Counsel for Plaintiff-Appellants*

# CERTIFICATE OF COMPLIANCE

I certify that this opposition to Requestors' May 19, 2026 motion for leave to file

an amicus brief complies with FRAP 27(d)(2)(A) (limiting responses to motions to

5,200 words), because it contains 908 words, excluding the parts of the

filing exempted by Fed. R. App. P. 32(f). This opposition complies with the

typeface and type style requirements of FRAP 32(a)(5) and (6) because it was

prepared in a proportionately spaced typeface using Microsoft Word in Times New

Roman 14- point font.

/s/ Laura Dumais
LAURA DUMAIS
Public Employees for Environmental Responsibility
962 Wayne Ave., Suite 610
Silver Spring, MD 20910
(202) 265-7337 / ldumais@peer.org

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2026, I electronically filed the foregoing Opening

Brief with the Clerk of the Court for the United States Court of Appeals for the

District of Columbia Circuit by using the CM/ECF system. The participants in the

case are registered CM/ECF users and service will be accomplished by the

CM/ECF system.

/s/ Laura Dumais
LAURA DUMAIS
Public Employees for Environmental Responsibility
962 Wayne Ave., Suite 610
Silver Spring, MD 20910
(202) 265-7337 / ldumais@peer.org