NO. 25-5431

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

JAMES FARMER, *et al*.,
*Plaintiffs-Appellants*,

V.

ENVIRONMENTAL PROTECTION AGENCY, *et al.,*
*Defendants-Appellees*, and

NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES
*Intervenor For Defendant-Appellee*

Appeal from The United States District Court
for The District of Columbia
No. 24-Cv-01654-DLF (Hon. Dabney L. Friedrich)

REPLY TO PLAINTIFF-APPELLANTS' OPPOSITION TO MOTION FOR
LEAVE TO FILE AMICUS BRIEF OF AMICI CURIAE, THE COALITION OF
RECYCLERS OF RESIDUAL ORGANICS BY PRACTITIONERS OF
SUSTAINABILITY, DR. SALLY BROWN, THE CALIFORNIA
ASSOCIATION OF SANITATION AGENCIES, THE MID-ATLANTIC
BIOSOLIDS ASSOCIATION, THE MIDWEST BIOSOLIDS ASSOCIATION,
THE NORTH EAST BIOSOLIDS & RESIDUALS ASSOCIATION, THE
NORTHWEST BIOSOLIDS ASSOCIATION, THE VIRGINIA BIOSOLIDS
COUNCIL, AND THE WATER ENVIRONMENT ASSOCIATION OF TEXAS

Frederic Andes
BARNES & THORNBURG LLP
One N. Wacker Drive, Suite 4400
Chicago, IL  60606
Phone:  (312) 214-8310

Andre Monette
BARNES & THORNBURG LLP
655 W. Broadway, Suite 1300
San Diego, CA  92101
Phone:  (619) 321-5003

Email:  Fredric.Andes@btlaw.com          Email:  Andre.Monette@btlaw.com

Erika Powers
BARNES & THORNBURG LLP
24 Frank Lloyd Wright Drive, Suite A-330
P.O. Box 511
Ann Arbor, MI  48105
Phone:  (734) 489-8006
Email:  Erika.Powers@btlaw.com

*Counsel for The Coalition of Recyclers of Residual Organics by Practitioners of Sustainability, Dr. Sally Brown, The California Association of Sanitation Agencies, The Mid-Atlantic Biosolids Association, The Midwest Biosolids Association, The North East Biosolids & Residuals Association, The Northwest Biosolids Association, The Virginia Biosolids Council, And The Water Environment Association of Texas*

# GLOSSARY OF ABBREVIATIONS

| Biosolids Amici | The Coalition of Recyclers of Residual Organics by Practitioners of Sustainability, Dr. Sally Brown, The California Association of Sanitation Agencies, The Mid-Atlantic Biosolids Association, The Midwest Biosolids Association, The North East Biosolids & Residuals Association, The Northwest Biosolids Association, The Virginia Biosolids Council, And The Water Environment Association of Texas |
|---|---|
| EPA | Environmental Protection Agency |
| NACWA | National Association of Clean Water Agencies |

**TABLE OF CONTENTS**

**Page**

Glossary of Abbreviations ......................................................................i

Table of Contents ............................................................................ ii

Table of Authorities ......................................................................... iii

I.    The Brief was Timely Filed....................................................2

II.   The Brief Raises Relevant Issues that Should be Considered by the Court of Appeals.................................................................3

    A.    Biosolids Amici Filed their Brief in Support of NACWA Alone.........3

    B.    A Single Brief was not Practicable Because of the Relative Positions of the Amici and the Issues Raised in their Briefs .................5

III.  Briefs Filed in Support of Plaintiff-Appellants Rely on Similar Justifications .......................................................................10

IV.  Conclusion ......................................................................11

Certificate of Compliance .................................................................14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Trucking Associations, Inc. v. E.P.A.*,
  No. 97-1440, 1998 WL 65651 (D.C. Cir. Jan. 21, 1998) .....................................5

*Boumediene v. Bush*,
  476 F.3d 934 (D.C. Cir. 2006)...........................................................................5

*Prairie Rivers Network v. Dynergy Midwest Generation, LLC*,
  976 F.3d 761 (7th Cir. 2020) (Scudder, J., in chambers).................................8, 9

**Statutes**

Clean Water Act Section 405(d) ........................................................................4, 7

**Other Authorities**

D.C. Circuit Rule 29(d).......................................................................1, 3, 5, 10, 11

D.C. Circuit Rule 29(c).............................................................................................2

Federal Rule of Appellate Procedure 29(a)(6).........................................................2

NOW COMES the Amici Curiae, The Coalition of Recyclers of Residual Organics by Practitioners of Sustainability, Dr. Sally Brown, The California Association of Sanitation Agencies, The Mid-Atlantic Biosolids Association, The Midwest Biosolids Association, The North East Biosolids & Residuals Association, The Northwest Biosolids Association, The Virginia Biosolids Council, And The Water Environment Association of Texas ("*Biosolids Amici*") and hereby reply to Plaintiff-Appellant James Farmer et al.'s Opposition to *Biosolids Amici*'s May 19, 2026 Motion for Leave to file Amicus Brief.

Plaintiff-Appellants have opposed *Biosolids Amici's* brief on two grounds – that the brief is not timely, and that the brief violates D.C. Circuit Rule 29(d), which requires amici curiae on the same side to "join in a single brief <u>to the extent practicable</u>." (D.C. Circuit Rule 29(d) [emphasis added]; see also United States Court of Appeals for the District of Columbia Circuit, Handbook of Practice and Internal Procedures, as amended through December 4, 2025, p 38.)

Plaintiff-Appellant's brief fails on both fronts. First, *Biosolids Amici* filed their brief in support of Defendant-Appellee National Association of Clean Water Agencies ("NACWA") within the seven days required by Court Rules. More importantly, *Biosolids Amici's* brief includes information and perspectives that are unique to their organizations, that are not otherwise represented in the briefs of any other party or amici, that are in support of differing parties from other amicus briefs

1

filed in this case, and that are highly relevant to the Court of Appeals decision; making a single amicus brief impracticable in this case. For those reasons, the Court of Appeals should grant *Biosolids Amici's* Motion for Leave to File.

## I.     *The Brief was Timely Filed*

*Biosolids Amici* have sought leave to file an amicus brief in support of Defendant-Appellee NACWA. Pursuant to DC Circuit Rule 29(c), in the absence of a court approved filing schedule, Federal Rule of Appellate Procedure 29(a)(6) sets the time limit for filing an amicus brief.

Rule 29(a)(6) states: "[a]n amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed."

The facts here are straightforward:

- On May 19, 2026, *Biosolids Amici* filed their amicus brief and a motion for leave to file with the Court of Appeals.

- The brief was filed in support of Defendant-Appellee NACWA.

- Defendant-Appellee NACWA filed its principal brief on May 12, 2026.

- *Biosolids Amici's* motion and accompanying brief were filed within seven calendar days of the principal brief of Defendant-Appellee NACWA.

- *Biosolids Amici's* amicus brief was filed in support of NACWA alone.

*Biosolids Amici's* filing complied with applicable Court Rules on timeliness of filing amicus briefs. The brief was filed in support of NACWA alone, and within seven (7) days of NACWA's principal brief. Plaintiff-Appellant have tried to argue that because NACWA has taken a similar legal position to the United States Environmental Protection Agency ("EPA") in this case, that all parties are the same, and all deadlines must be tied back to those of Defendant-Appellee EPA. Plaintiff-Appellant offers no legal support for this position because there is none. *Biosolids Amici* have complied with applicable court rules and timely filed their motion and brief.

## II. The Brief Raises Relevant Issues that Should be Considered by the Court of Appeals

Plaintiff-Appellants have alleged that *Biosolids Amici's* brief violates D.C. Circuit Rule 29(d) because the United States Chamber of Commerce filed an amicus brief in support of both Defendant-Appellees on May 12, 2026.

D.C. Circuit Rule 29(d) states: "[a]mici curiae on the same side must join in a single brief to the extent practicable." The rule includes two qualifiers: briefs must be "on the same side"; and it allows multiple briefs if joining a single brief is not "practicable."

### A. Biosolids Amici Filed their Brief in Support of NACWA Alone

*Biosolids Amici* have complied with D.C. Circuit Rule 29(d) because their brief was in support of NACWA and is therefore not strictly "on the same side" as

the other amici in this case, particularly the United States Chamber of Commerce, which filed in support of both EPA and NACWA. The briefs include differing arguments.

For example, EPA's brief focuses on legal arguments demonstrating that the agency lacks a non-discretionary duty to issue regulations under Clean Water Act Section 405(d). The argument is based largely on a plain text analysis of the statute and its legislative history. There is limited discussion of EPA's biosolids regulations or the overall management system in the United States.

NACWA's brief also makes these arguments, but importantly includes a discussion of biosolids management requirements and methods of disposal. It also includes discussion of EPA's biosolids management regulations. *Biosolids Amici's* brief focuses on providing the Court of Appeals with information on the value of the biosolids management system and the impact that the Court of Appeals decision could have impact on biosolids management in the United States. *Biosolids Amici* intend these arguments to be supportive of NACWA's description of biosolids management, and on the implications of forcing EPA rulemaking through his litigation.

Fundamentally, the issue is not whether an amicus supports or does not support a party to the case; the issue is which brief the amicus party is supporting. However, *Biosolids Amici* specifically filed their amicus brief in support of

NACWA's brief. That is the "side" they are supporting with their brief. Because EPA and NACWA present similar, but differing arguments, a separate brief is appropriate in this case.

### B. A Single Brief was not Practicable Because of the Relative Positions of the Amici and the Issues Raised in their Briefs

*Biosolids Amici's* brief provides information and perspectives that are not raised by any other party and that are directly related to the interests of *Biosolids Amici* and their members. Filing a single brief jointly with the Chamber of Commerce would not have been practicable because of the differing timelines associated with the NACWA and EPA's filing deadlines, and because of the positions that the amici are taking in support of the Defendant-Appellees.

The Court of Appeals Handbook of Practice and Internal Procedures provides guidance on when multiple amicus briefs might be acceptable to the Court of Appeals. Section IX.A.4 of the Handbook (page 38) restates D.C. Circuit Rule 29(d) and states that a separate brief is not acceptable where the only basis for a separate brief is "that the issues presented require greater length than allowed under the rules, that counsel cannot coordinate filing a single brief because of geographical dispersion, or that separate presentations were permitted in the proceedings below." None of those factors are present for *Biosolids Amici's* brief.

This Court of Appeals has generally followed a practice of accepting amici briefs, but has made clear that a separate amicus brief is not warranted if the filer

"has not sufficiently identified its interest in the case and how its participation as amicus curiae would assist the court." *see Boumediene v. Bush*, 476 F.3d 934, 935 (D.C. Cir. 2006); *Am. Trucking Associations, Inc. v. E.P.A.*, No. 97-1440, 1998 WL 65651, at *1 (D.C. Cir. Jan. 21, 1998).

As noted on page 2-3 of the Motion for Leave to File, and page i-ii of *Biosolids Amici's* brief, the basis for filing a separate brief in this case was *Biosolids Amici's* unique position as biosolids producers and users, and the ability to provide their viewpoint on how the Court of Appeals decision could impact biosolids production and use in the United States:

> Counsel for *amici curiae* are aware of an additional amicus brief submitted in support of Intervenor for Defendant-Appellee by the United States Chamber of Commerce. A separate brief is necessary and appropriate to ensure that *amici's* distinct viewpoints and interests are presented to the Court of Appeals. *Amici* are scientists and organizations representing wastewater utilities and other organizations that support ongoing use of biosolids for agricultural purposes in the United States. They share a common interest in maintaining stability in biosolids regulation. They support sensible regulations that are based on accurate fact finding, and the best available scientific evidence, and that are feasible for biosolids producers and users to implement. Because of their role in the production, management and use of biosolids, Biosolids Amici and their members will be directly impacted by the Court of Appeals decision in this case. They have an interest that is acute and direct. Biosolids Amici welcome and support the Chamber of Commerce's brief but believe that Biosolids Amici's roles in producing, managing and using biosolids provide a viewpoint that differs from the broader concerns represented by the

Chamber of Commerce. The differing constituencies and differing potential impacts of the decision warrant consideration by the Court of Appeals.

Indeed, the arguments proffered in *Biosolids Amici's* brief are significantly different than those put forward by EPA and the Chamber of Commerce. (see e.g. *Biosolids Amici* brief, pp. vi; EPA brief, p. ii, 3-6; Chamber of Commerce Brief, pp. iii, 5-16.)

As noted above, EPA's principal argument is that it does not have a mandatory duty to issue regulations under Clean Water Act Section 405(d). The argument is based largely on a plain text analysis of the statute and its legislative history. There is limited discussion of EPA's biosolids regulations or the overall management system in the United States. NACWA's brief also focuses on the discretionary nature of rulemaking under Section 405(d), but importantly includes a discussion of biosolids management requirements and methods of disposal.

The Chamber of Commerce's amicus brief makes legal arguments in support of both EPA and NACWA, reinforcing their arguments on the discretionary nature of EPA's rulemaking authority under Section 405(d). Notably, the Chamber's brief does not include discussion of the implications of changes to the biosolids management system in the U.S. or the importance of a thorough, deliberative rulemaking process.

In contrast, *Biosolids Amici's* brief focuses on providing the Court of Appeals with information on the value of the biosolids management system and the impact that the Court of Appeals decision could have in this case. *Biosolids Amici* intend these arguments to support NACWA's position on agency discretion and rulemaking through the court system. Regulating biosolids is complex and should be done with the best available information and scientific analysis. It should not be done to comply with artificial timelines that limit the opportunity for fact-finding and public participation.

*Biosolids Amici* have provided multiple pages of factual support for their position, including comment letters from farm groups and trade associations in the EPA docket; EPA guidance documents; multiple scientific journals; and multiple news articles describing the biosolids production system and the impacts that changes to that system will have on *Biosolids Amici* and their members. (see Biosolids Brief, Table of Authorities pages ix-xii.) The brief provides substantive support for *Biosolids Amici's* position that warrants consideration by the Court of Appeals.

According to the 7th Circuit Court of Appeals in *Prairie Rivers Network v. Dynergy Midwest Generation, LLC*, 976 F.3d 761 (7th Cir. 2020) (Scudder, J., in chambers), "a true friend of the court will seek to add value to our evaluation of the issues presented on appeal." An amicus brief should contribute in clear and distinct

ways, and "should be additive—it should strive to offer something different, new, and important." (*Id.*) Examples provided include:

- Offering a different analytical approach to the legal issues before the court;

- Highlighting factual, historical, or legal nuance glossed over by the parties;

- Explaining the broader regulatory or commercial context in which a question comes to the court;

- Providing practical perspectives on the consequences of potential outcomes;

- Relaying views on legal questions by employing the tools of social science;

- Supplying empirical data informing one or another question implicated by an appeal;

- Conveying instruction on highly technical, scientific, or specialized subjects beyond the ken of most generalist federal judges;

- Identifying how other jurisdictions—cities, states, or even foreign countries— have approached one or another aspect of a legal question or regulatory challenge.

While not binding on the Court of Appeals, the criteria from *Prairie Rivers* are helpful for considering when an amicus brief is appropriate. *Biosolids Amici* intended their brief to meet the requirements set forth by the 7th Circuit in that case. Their brief raises issues that are not otherwise discussed by any of the parties or

amici, and that are worthy of the Court of Appeals consideration. For that reason, *Biosolids Amici* request that the Court of Appeals grant their motion for leave to file.

### III. Briefs Filed in Support of Plaintiff-Appellants Rely on Similar Justifications

Two separate groups filed two separate amicus briefs in support of Plaintiff-Appellants in the instant case. Plaintiff-Appellants have alleged that these briefs comply with all applicable D.C. Circuit Court rules. (See Plaintiff-Appellants Opposition to May 19, 2026 Motion for Leave, page 2.)

As noted and discussed at length above, D.C. Circuit Rule 29(d) prohibits multiple briefs in support of the same side. Here, two groups have filed amicus briefs in support of a single party. On March 24, 2026, Robert Bierschenk et al., filed an amicus brief in support of Plaintiff-Appellants in this case. On the same day, Plainfield Township, Pennsylvania et al., filed a separate brief in support of Plaintiff-Appellant in this case.

Plaintiff-Appellants have alleged that all briefs filed on their side comply with applicable Court Rules. The Bierschenk brief states that it was authorized to file separately because the other brief supporting Plaintiff-Appellant was filed by a government entity. (Bieschenk Brief, p. iv.) The Plainfield Township Brief acknowledges uncertainty in the Court Rules on filing a single brief, and states:

> if Amici are not considered "governmental entities,"
> counsel certifies pursuant to D.C. Circuit Rule 29(d) that
> filing a separate brief from other amici curiae is necessary

and appropriate to ensure that the unique interests of Amici are adequately represented in this proceeding. While Amici share the ultimate position of others supporting Plaintiffs-Appellants in their appeal, the reasons for Amici's opposition are distinct and unique to the experiences of local governments struggling to regulate PFAS-contaminated sewage sludge through local laws.
(Plainfield Township Brief, p. vii.)

*Biosolids Amici* have provided a similar basis for filing a separate brief but have provided far more information about the unique perspectives presented. To be clear, *Biosolids Amici* do not oppose the Court of Appeals consideration of multiple viewpoints. A robust consideration of the impacts is likely to be helpful to the final disposition of a case. *Biosolids Amici* request that the Court of Appeals allow all parties who have submitted separate amicus briefs on the grounds outlined herein, to file separate briefs as authorized by D.C. Circuit Rule 29(d).

## IV.    *Conclusion*

For the reasons set forth herein, *Biosolids Amici* request that the Court of Appeals grant their Motion for Leave to File.

Dated: May 28, 2026

Respectfully submitted,

**Counsel for The Coalition of Recyclers of Residual Organics by Practitioners of Sustainability, Dr. Sally Brown, The California Association of Sanitation Agencies, The Mid-Atlantic Biosolids Association, The Midwest Biosolids Association, The North East Biosolids & Residuals Association, The**

11

**Northwest Biosolids Association, The Virginia Biosolids Council, And The Water Environment Association of Texas**

By: */s/ Fredric Andes*

One of its Attorneys
Fredric Andes
BARNES & THORNBURG LLP
One N. Wacker Drive, Suite 4400
Chicago, IL  60606
Phone:  (312) 214-8310
Email:  Fredric.Andes@btlaw.com

Erika Powers
BARNES & THORNBURG LLP
24 Frank Lloyd Wright Drive, Suite A-330
P.O. Box 511
Ann Arbor, MI  48105
Phone:  (734) 489-8006
Email:  Erika.Powers@btlaw.com

Andre Monette
BARNES & THORNBURG LLP
655 W. Broadway, Suite 1300
San Diego, CA 92101
Phone:  (619) 321-5003
Email:  Andre.Monette@btlaw.com

*Counsel for The Coalition of Recyclers of Residual Organics by Practitioners of Sustainability, Dr. Sally Brown, The California Association of Sanitation Agencies, The Mid-Atlantic Biosolids Association, The Midwest Biosolids Association, The North East Biosolids & Residuals Association, The Northwest Biosolids Association, The Virginia Biosolids Council, And The Water Environment Association of Texas*

12

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of May, 2026, I electronically filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit via the CM/ECF System the foregoing Motion for Leave to File Brief Amici Curiae and the Corporate Disclosure Statement pursuant to Fed. R. App. P. 26.1 and D.C. Circuit Rule 26.1. All participants in the case are registered CM/ECF users, and the service will be accomplished in the appellate CM/ECF system.

*/s/ Fredric Andes*
Fredric Andes

**CERTIFICATE OF COMPLIANCE**

I certify that the Reply to Plaintiff-Appellants' Opposition to Motion for Leave to File Amicus Brief of Amici Curiae CRROPS, *et al.* complies with the word limit of D.C. Circuit Rule 29(a)(4)(G), because it contains 2,516 words, excluding the partes of the filing exempted by D.C. Circuit Rule 32(e)(1). The Motion complies with the typeface and type style requirements and it was prepared using Microsoft Word in Times New Roman 14-point font and is double-spaced, with the exception of the headings, footnotes and block quotations.

*/s/ Fredric Andes*
Fredric Andes